[No. 12366.   Department Two. — March 28, 1888.]

IN THE MATTER OF THE ESTATE OF RAMON ROMERO, DECEASED.

ESTATE OF DECEDENT — HOMESTEAD — MINORS NOT CHILDREN OF DECEDENT.
— A homestead cannot be set apart from the estate of a decedent to minor children who are not the children of the decedent either in fact or by adoption.

ID. — CHILDREN BORN DURING COVERTURE — PRESUMPTION OF LEGITIMACY.
— Children born to a married woman during her coverture are presumed to be legitimate, and to be the issue of their mother's husband.

ID. — PRESUMPTION OF ADOPTION. — There is no presumption that minor children living with a man who is not their father have been adopted by him.

APPEAL from an order of the Superior Court of Monterey County refusing to set apart a homestead.

The facts are stated in the opinion.

*N. A. Dorn,* and *W. M. R. Parker,* for Appellants.

*R. M. F. Soto,* and *Herrmann & Soto,* for Contestants and Respondents.

*T. Beemer,* for Administrator and Respondent.

BELCHER, C. C. — This is an appeal from an order refusing to set apart a homestead.  Edwardo Romero presented a petition to the court below, asking to have a homestead set apart for the use of himself and his sister, Carrie Romero, who were alleged to be the minor children of Ramon Romero, deceased.  A brother and sister of the deceased objected to the homestead being set apart, and as the ground of their objection alleged that the said Edwardo and Carrie were not the children of deceased; that he was never married, and that he left surviving him at the time of his death no child or children, either legitimate or illegitimate.

At the hearing it was shown for the petitioner that Ramon Romero died intestate in the county of Monterey

on the eighteenth day of May, 1884, and that administration on his estate was afterwards taken out, and an inventory was returned, showing personal property belonging to the estate of the value of $381, and real property of the value of $700.

A declaration of homestead made by the deceased was then introduced in evidence. The declaration was dated April 30, 1881, and was properly acknowledged and filed for record on the same day. In it the claimant declared that "I am the head of a family consisting of myself and my two minor children, Edwardo and Carolina, and I do now, at the time of making this declaration, actually reside with my said family on the land and premises hereinafter described."

The petitioner was then sworn as a witness, and testified as follows: "I knew Ramon Romero in his lifetime; he was my father. Myself and my sister, Carrie Romero, lived with him all the time up to the time of his death on the land described in the petition. We lived there for the last ten years. We were living on said land on the thirtieth day of April, 1881, and for a long time before. We have lived on said land ever since the death of my father, and live there still. I am twenty years of age, and my sister is sixteen years of age. At the time my father made his declaration of homestead in 1881, myself and my sister were living with my father on the said land, and there were no other children living with him. My mother is still living with us on the said land; her name is Maria de los Angeles Botiller."

For the contestants, a witness was called who testified that he had lived in the town of Monterey for about twenty-five years, and had been well acquainted with Ramon Romero, who had also lived in the town the greatest portion of that time; that he never knew or heard that Romero was married; that he knew the mother of Edwardo Romero, and her name was usually called Maria de los Angeles Botiller.

The judgment roll in a case commenced by Maria de los Angeles Botiller against José Joaquin Botiller in the district court of Monterey County was then introduced and read in evidence. The complaint was filed on the sixth day of November, 1872, and alleged that the parties were married in 1855, and were still husband and wife, and asked for a divorce on the ground of desertion. The summons was personally served on the defendant on the twelfth day of the same month. The court found, among other things, that plaintiff had "in all respects conducted herself towards the defendant as became a kind, affectionate, and faithful wife." The decree was entered March 20, 1873, and granted the plaintiff the divorce prayed for.

The foregoing are all the facts appearing in the record, and upon them the court denied the petition.

If the petitioner and his sister were the minor children of the decedent, they were entitled to have the homestead set apart for their use. (Code Civ. Proc., sec. 1465.) But if they were not his children in fact or by adoption, they were not entitled to have the homestead set apart. Whether they were his children or not was then the single issue to be determined.

The evidence shows that the youngest of them was born more than sixteen years prior to the time of the hearing, which was on the 28th of February, 1887. They were the children of Maria de los Angeles Botiller, who at the times of their birth was the lawful wife of José Joaquin Botiller. They are presumed, therefore, to be legitimate, and the issue of their mother's husband. (Civ. Code, secs. 193–195.) There was no evidence showing that they had been adopted by their alleged father in the manner prescribed by law (Civ. Code, secs. 221–230), and in the absence of such proof, no presumption that they had been adopted can be indulged.

No written findings were filed, but the court must

have found all the material facts against the appellants; and there are no specifications of errors, or particulars wherein the evidence was insufficient to justify the decision.

The decision is presumed to be right, and the order must be affirmed, unless error is affirmatively shown by the record.

We find no error in the record, and therefore advise that the order be affirmed.

Hayne, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the order is affirmed.

McFarland, J., concurring.—I concur in the judgment, because it does not appear (although it was probably the fact) that at the time of the birth of the children their mother had separated from her husband, and was living with the deceased. Had this fact appeared, it would, with the other evidence, have been sufficient to overcome the presumption (not conclusive), based upon the marriage, that they were the children of Botiller. It seems to be a hardship to take this little home away from these children, for whom the deceased intended it, and give it to mere collateral kin; but I see no way to avoid it. If the court below had given judgment the other way, even upon the meager evidence offered, I should not have felt like disturbing it. If they are the children of the deceased, they were publicly recognized as provided in section 230 of the Civil Code, and no other adoption was necessary.