[S. F. No. 3579. Department Two.—April 5, 1906.]

## LEONORA DUFFY, Respondent, v. SARAH J. YORDI, Appellant.

PARENT AND CHILD—SUPPORT OF PARENT.—At common law there was no legal obligation on the part of a child to support a parent; such obligation depends entirely upon statute, and the procedure provided by statute for the enforcement of the obligation must be pursued.

ID.—PARENT SUPPORTED BY ONE CHILD.—Under section 206 of the Civil Code, a mother who is unable to maintain herself by work, and who is being supported by one of her children, cannot maintain an action against another child for other support.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

John O'Gara, for Appellant.

Joseph Rothschild, for Respondent.

McFARLAND, J.—The plaintiff, a widow, is the mother of the defendant, also a widow; and the purpose of this action is to obtain a judgment that defendant pay to plaintiff for her permanent support the amount of one hundred dollars per month, and also one hundred dollars to be paid forthwith for plaintiff's immediate use. It is averred in the complaint that plaintiff is seventy-seven years old. is without any means

of subsistence, and, by reason of her age and physical condition, is unable to maintain herself by work; that defendant has ability to support her; and that one hundred dollars a month is a reasonable sum to be allowed her for her maintenance. In the answer of the defendant the material averments of the complaint are denied, and it is averred that plaintiff has other children able to support her, and that, when defendant was about six years old plaintiff abandoned her and gave her to her aunt, Bridget Duffy, and her husband, and agreed that her aunt should rear and support her, and that defendant's obligations as a child should be due to her said aunt; and that since then plaintiff would have nothing more to do with defendant, and that defendant was reared and supported by her aunt, and that defendant now supports her said aunt. The court found that plaintiff was destitute and unable to maintain herself by work; that defendant is able to support her; that plaintiff did not abandon defendant as alleged in the answer; that sixty dollars a month is a reasonable amount for plaintiff's maintenance, and that twenty dollars a month is a reasonable proportion thereof to be paid plaintiff by defendant. Judgment was rendered in favor of plaintiff against defendant for $143.30 for her support from the commencement of the action until the date of the judgment, and that thereafter defendant pay to plaintiff twenty dollars on the 15th of each month until further order of the court. From this judgment defendant appeals.

Appellant contends that the material findings of the court are not supported by the evidence, but, under our views of the case, this contention need not be discussed. While some writers speak of the "natural obligation" of a child to support a parent, it is clear that at common law there was no legal obligation on the part of the child to do so; that such obligation depends entirely upon statutory provisions; and that the procedure provided by statute for the enforcement of the obligation must be pursued. In Schouler on Domestic Relations (sec. 265) it is said that the following is "a well-settled rule at the common law: Namely, that there is no legal obligation resting upon a child to support a parent; that, while the parent is bound to supply necessaries to an infant child, an adult child, in the absence of positive statute, or

a legal contract on his own part, is not bound to supply necessaries to his aged parent." In *Edwards and Wife* v. *Davis,* 16 Johns. 281, it is said: "The duty of a child of sufficient ability to maintain its poor and indigent parents, being an imperfect one, not enforced at common law, and the statute having prescribed the manner in which it is to be enforced and the extent of the penalty, the statute remedy is the only one to be resorted to." In England and in many of the American states there are statutes declaring this obligation, and providing how it shall be enforced—who may institute proceedings for that purpose, the court which shall have jurisdiction, etc. The main purpose of the statutes seems to be to protect the public from the burden of supporting poor people who have children able to support them. Our statutory provisions on the subject are very meager, and are all contained in section 206 of the Civil Code, which is as follows: "It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding." Counsel discusses somewhat elaborately the meaning and effect of this section—what right it gives, who may bring an action under it, what court has jurisdiction, whether there is not a fatal absence of any procedure, etc. The only case in point, under a statute similar to ours, that has been cited, is *McCook County* v. *Kammoss,* 7 S. D. 558, [64 N. W. 1123, 58 Am. St. Rep. 854]. In that case the county, having supported an indigent father, brought suit against his children to recover for the amount which the county had already expended for such support, and also to recover for his future support; and the court held that the county could recover for the amount already expended, but that under the statute there was no procedure for enforcing future support. We have referred to these questions because they are interesting, and because they should be thoroughly considered in any future cases which may arise under said section 206. But it is not necessary to pass upon them definitely here, or to determine whether *McCook County* v. *Kammoss* was properly decided, because we think that the case at bar does not give the plaintiff a right to recover under any reasonable con-

struction of the section, and that defendant's motion for a nonsuit should have been granted. The plaintiff has three children other than defendant—Mrs. Perkins, Mrs. Germaine, who lives in Seattle, and a son who has not been heard from in several years. Mrs. Perkins testified as follows: "My mother is living with me, and I am supporting my mother. I have supported my mother. This sister in Seattle sends $5 or $10 or $15, once a month for the last two years. Otherwise, my mother has been entirely supported and cared for and protected by me." It is apparent therefore that plaintiff, being supported by her other children, and there being no threat of a withdrawal of such support, is in no condition to demand support from defendant. She is demanding from defendant what she is already receiving from another. For instance, what is the judgment of $143.30 for? Evidently not for her support, but for an amount of money independent of and in addition to the support which she had already received. It may be that her other children, having supported her, may maintain an action against defendant for her proportionate contributive share of such support; but that question is not here presented. A mother being supported by one child cannot maintain an action against another child for another support. For this reason the judgment in the case at bar cannot be sustained.

The judgment appealed from is reversed.

Henshaw, J., and Lorigan, J., concurred.