[Civ. No. 4173. First Appellate District, Division One.—February 17, 1922.]

ALFRED F. PARSHALL, Appellant, v. MARY T. PARSHALL et al., Respondents.

[1] PARENT AND CHILD—SUPPORT OF POOR PARENT—ABSENCE OF COMMON-LAW LIABILITY.—There is no common-law obligation on the part of a child to support a parent, but such obligation depends entirely upon statute.

[2] ID. — PERSON NOT LEGALLY ADOPTED — ABSENCE OF STATUTORY LIABILITY.—Under section 206 of the Civil Code, which declares in substance that it is the duty of children of any poor person who is unable to maintain himself by work to provide for such person to the extent of their ability, a party known as the child of such a poor person but who is not such, and who was never adopted, although she lived with him and his wife for many years and bore their name, is not liable for the support of such poor person.

[3] ID.—INSUFFICIENCY OF ADOPTION.—Being known as a child of a man and his wife, living with them as a child, and bearing their name, do not constitute an adoption.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Ryckman for Appellant.

F. G. Tyrrell for Respondents.

TYLER, P. J.—This action was brought under the provisions of section 206 of the Civil Code to obtain a judgment that defendants pay to plaintiff for his personal permanent maintenance and support the sum of one hundred dollars per month, together with costs and counsel fees. It is averred in the complaint that plaintiff and defendant Mary T. Parshall were married in the year 1885, and that they now are husband and wife, and that the defendant Leonora Parshall is their adopted daughter. It is charged that defendants expelled plaintiff from his home, and plaintiff

---

1. Liability of child for parent's support, note, 9 Ann. Cas. 1019.

alleges that he is of the age of seventy-six years and upward, that he is poor and has no means of support, but that defendants have real and personal property of the value of fifty thousand dollars. Defendant Mary T. Parshall answering, denied that she had any property of value, and defendant Leonora Parshall denied that she was the adopted daughter of plaintiff. The trial court found as to Leonora Parshall, that while she had resided with plaintiff and his wife for thirty-four years and since she was an infant child of some four or five months of age, that she was not the child of plaintiff and Mary, and was never adopted by them.

The court further found that prior to February, 1913, plaintiff earned an income of five thousand dollars annually and had turned the same over to his wife, but that she had given to plaintiff considerable sums of money. It further found plaintiff to be poor and physically unable to maintain himself. The findings also show that in July, 1913, and prior to the commencement of this action, plaintiff and his wife had entered into a written contract by the terms of which they had, in settlement of their property differences, including any claim for maintenance or alimony, conveyed all the property they possessed to defendant Leonora Parshall, who is still possessed of the real property so deeded to her, and which is of considerable value. Additional findings show that defendant Mary Parshall is not possessed of any property of any value, she having, according to the terms of the settlement agreement had between herself and plaintiff, conveyed all she possessed of value to Leonora. It also appears that plaintiff was not expelled from his home but, on the contrary, that he abandoned his wife in September, 1913, since which time they have lived separate and apart. As conclusions of law the court then finds that plaintiff is not entitled to any relief against either of the defendants. From this judgment plaintiff appeals, and he claims that under the facts defendant Leonora Parshall is liable for the support of plaintiff under the provisions of section 206 of the Civil Code. That portion of the section applicable to the present case declares in substance that it is the duty of children of any poor person who is unable to maintain himself by work to provide for such person to the extent of their ability.

[1] At common law there was no legal obligation on the part of a child to support a parent. Such obligation, therefore, depends entirely upon statute. (*Duffy* v. *Yordi*, 149 Cal. 140 [117 Am. St. Rep. 125, 9 Ann. Cas. 1017, 4 L. R. A. (N. S.) 1159, 84 Pac. 838].) [2] In many jurisdictions there are statutes similar to ours changing the common-law rule, which statutes impose upon children the legal duty to relieve and maintain their indigent parents. In the construction of these statutes it has been held that unless the person sought to be charged comes within the line of the relation prescribed therein, no duty of support can be imposed upon him. Thus it has been held that the primary sense of the word "child" under statutes of this character is offspring, and that in the sense of that relationship it does not include a grandchild, a son-in-law, mother-in-law, stepchild, or even an adopted child. (*Adams* v. *Merrill*, 45 Ind. App. 315 [85 N. E. 114, 87 N. E. 36]; *Selectmen* v. *Montague*, 3 Conn. 507; *Commissioners of the Poor* v. *Gansett*, 2 Bail. (S. C.) 320 [23 Am. Dec. 139]; *Houston* v. *McKinney*, 54 Fla. 600 [45 South. 480].) It would appear, therefore, that defendant Leonora is not of the class which, on account of its relationship, is, by the provisions of section 206 of the code, made liable for the support of a pauper relative, and the mere fact that plaintiff stands *in loco parentis* to Leonora does not bring her within its purview. But even were we to assume that the section in question applies to children by adoption, still it would avail plaintiff nothing for the reason that the record fully supports the finding that she never was adopted. The evidence upon this subject shows that she was taken from a foundlings' home in Missouri when she was four or five months of age, and that while tenderly reared by these parties as a daughter and generously provided for, she never was formally adopted, appellant himself refusing to execute the deed required by the Missouri statute to create this relationship. [3] It is true that she was known as the child of plaintiff and his wife and that she lived with them and bore their name, but such facts do not constitute an adoption. (*Estate of Romero*, 75 Cal. 379 [17 Pac. 434]; *Estate of McCombs*, 174 Cal. 211 [162 Pac. 897]; 1 Corpus Juris, 1394, sec. 116.) There being no adoption, the status provided for in the statute therefore never existed, and no claim of the

character here involved can flow from the relationship here shown.

We are not here dealing with the conscientious or moral duty of defendant Leonora toward her aged benefactor, now poor and in distress. Our powers are restricted by the statute.

Further claim is made that the conveyance by plaintiff of all his property to defendant pursuant to the agreement with his wife was constructively fraudulent. No such issue is here raised. The property rights of the parties are disposed of in *Parshall* v. *Parshall, ante,* p. 548 [205 Pac. 1081].

For the reasons given the judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.