[Civ. No. 26000. Second Dist., Div. Four. Oct. 10, 1962.]

BESS BRITTON, as Guardian, etc., Plaintiff and Respondent,
v. MORRIS STEINBERG, Defendant and Appellant.

Burris & Lagerlof for Defendant and Appellant.

Jerry Giesler and Lewis W. Boies, Jr., for Plaintiff and Respondent.

JEFFERSON, J.—Plaintiff, as guardian of the person and estate of her mother, Tillie Steinberg, brought an action against her two brothers to compel them to pay for the support of their mother. An order was directed to defendant, one of the brothers, ordering him to appear and show cause why he should not pay attorney's fees, costs and a reasonable sum for support and maintenance of Tillie Steinberg during the pendency of the action.

At the hearing plaintiff testified: Her mother has lived with plaintiff and her husband for more than 40 years. Dur-

ing that time she has been the mother's sole support. Now, having reached the age of 86 years, her mother has become more difficult to care for and needs to be placed in a home for elderly persons. After investigating the cost of placing her mother in such a home, plaintiff found the cost would be between $375 and $400 per month.

On cross-examination plaintiff testified that she and her husband have a net income of approximately $400 per month.

Defendant was called as a witness by plaintiff and testified that he receives a pension payment of $198 per month, rental income of about $4,000 annually and payments of approximately $3,000 per month on a trust deed which will continue for another 95 months.

Under examination by his own counsel defendant offered testimony tending to show that during his minority he had been abandoned by his mother, and at the conclusion of the testimony defendant moved to dismiss the order to show cause on that ground pursuant to section 206.5, Civil Code. The court denied the motion and no issue with respect thereto is made on appeal.

The trial court entered an order directing defendant to pay plaintiff for the support of Tillie Steinberg the sum of $100 per month pending trial of the action. The order also directed defendant to pay $200 for attorney's fees and $25 for court costs. This is an appeal from the court's order.

Defendant's sole contention on appeal is that the award made by this order does not come within the provisions of section 206 of the Civil Code which creates the legal duty of a child to support his parents. Defendant relies upon the following language in *Duffy* v. *Yordi,* 149 Cal. 140 [84 P. 838, 117 Am.St.Rep. 125, 9 Ann.Cas. 1017, 4 L.R.A. N.S. 1159]: "A mother being supported by one child cannot maintain an action against another child for another [*sic*] support." (Page 143.)

In the *Duffy* case an elderly mother was being supported by some of her children who were financially able to provide the necessary care. The court held that, since there was no threat of withdrawal of sufficient support, the mother could not demand additional support from another child.

In the case before us the evidence upon which the court acted indicated the cost of reasonable support of the mother has increased beyond that which plaintiff is able to pay. The duty imposed by section 206 is maintenance of the parent to the extent of children's ability. The duty

increases as the cost of reasonable maintenance increases so long as the children are able to pay that amount. Defendant contends, however, at the time of the award the mother was receiving full support from plaintiff just as she had been for the previous 40 years and there was no assurance that the mother would ever be placed in a home for the care of elderly persons. This contention runs contrary to the court's finding of fact that it is necessary to have the mother placed in a home, which finding is based upon substantial evidence.

 Actual placement of the mother in a home where the cost of care would exceed plaintiff's ability to pay is not a condition precedent to defendant's duty under section 206. Such a rule would require the mother to become a public charge before there would be a duty under the statute for the child to provide support. The main purpose of section 206 is to *prevent* a parent from becoming a burden upon the public. (*Woolams* v. *Woolams*, 115 Cal.App.2d 1, 6 [251 P.2d 392].)

The order is affirmed.

Burke, P. J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.