[Civ. No. 38763. First Dist., Div. Two. Mar. 31, 1977.]

MICHAEL C. CROOKHAM, Cross-complainant and Appellant, v. ANTOINETTE FINK SMITH, Cross-defendant and Respondent.

**COUNSEL**

Kelly, Leal & Olimpia, Gary L. Olimpia and Raymond J. Davilla, Jr., for Cross-complainant and Appellant.

Hopkins & Carley, Bruce H. Munro and Stephen H. Pettigrew for Cross-defendant and Respondent.

## OPINION

**BRAY, J.**[*]—Michael C. Crookham, cross-complainant and appellant, appeals from a judgment of the Superior Court of Santa Clara County, entered upon order granting motion for summary judgment.[1]

### ISSUES PRESENTED

1) *The natural father of an illegitimate child is not entitled to seek contribution from the natural mother for support payments to the county.*

2) *Section 11350.1 of the Welfare and Institutions Code is constitutional.*

### RECORD

The County of Santa Clara filed a complaint in the superior court alleging that as the result of a sexual relationship between defendant Michael C. Crookham and Antoinette Fink, the child Steven Fink was born August 3, 1964, and asking that the county be reimbursed for expenditures to date made in support of the child and that Crookham be ordered henceforth to pay it for the child's support. It appears that both parents of Steven have deserted him. Crookham answered the complaint with a general denial. However, thereafter, a stipulation was entered into between him and the county as a result of which judgment was entered against him that he pay $170 per month for the support and maintenance of said child.

Prior to the entry of this judgment, Crookham filed a cross-complaint against Antoinette Fink Smith as cross-defendant seeking contribution from her as the mother of Steven Fink of one-half of whatever sums cross-complainant might be ordered by the court to pay for Steven's support. Cross-defendant filed a motion for summary judgment on the

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Actually appellant purported to appeal from the order granting the motion for summary judgment which is not an appealable order. No judgment thereon appearing in the clerk's transcript submitted to us, we contacted the county clerk's office and found that such a judgment had been entered. In view of that fact we choose to follow the example of the court in *Artucovich* v. *Arizmendiz* (1967) 256.Cal.App.2d 130, 132 [63 Cal.Rptr. 810] and honor the appeal as one taken from the judgment. Counsel for appellant would have saved us considerable time had they followed the law.

cross-complaint. After a hearing thereon, the court granted the motion and judgment was granted on the order granting the motion. Cross-complainant appeals.

1) *Cross-complainant is not entitled to contribution.*

█ In pertinent part Welfare and Institutions Code section 11350.1 provides: "Notwithstanding the provisions of any other statute, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of such minor child or children. The mother shall not be a necessary party in such action but may be subpoenaed as a witness. In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and the issues shall be limited strictly to the question of paternity, if applicable, and child support."

In the instant case the District Attorney of Santa Clara County has brought this action in the name of the county for support of a minor child. This section expressly prohibits any cross-complaints. This prohibition alone is sufficient support for the action of the trial court in granting summary judgment.

Appellant refers to a further portion of section 11350.1 which states: "Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support. In such event, the court in such proceedings shall make an independent determination on the issue of support which shall supersede the order made pursuant to this section." Appellant seems to contend that his bringing a cross-complaint is the independent action referred to. It is not. It is a part of the district attorney's action on behalf of the county. Moreover, there is nothing in this section that implies that contribution will be between parents of a minor child.

Appellant refers to Civil Code section 242 which provides in part: "Every individual shall support his or her spouse and child, . . . The duty imposed by this section shall be subject to the provisions of Sections 196 [not applicable], 206 [reciprocal duties of parents and children in maintaining each other], . . ." There is no question but that a mother is required to support her minor child, but there is nothing in any of these sections which provides that she must contribute to what the father

provides. The court can require her to pay for a child's support if she is able, but that is a long way from saying that she must contribute to what the father pays. It does not follow that because Welfare and Institutions Code section 11350 imposes liability on both parents for support of a deserted child that the one parent can require contribution from the other parent of any support he may pay for the child. Both parents are obligated to the child and to the county for the child's support but not to each other.

*Britton* v. *Steinberg* (1962) 208 Cal.App.2d 358 [24 Cal.Rptr. 831], relied on by appellant, is not in point. There the plaintiff, as guardian of the person and estate of her mother, brought an action against her two brothers to compel them to pay for the support of their mother. The action was brought pursuant to section 206 of the Civil Code which creates a legal duty in a child to support his parents. The cause of action belongs to the parent or guardian of the parent. The court ordered the defendant to pay $100 per month for the mother's support to the plaintiff as guardian, not to her as an individual. The statute expressly created a cause of action against the brothers. No contribution was ordered.

Section 196a of the Civil Code, applying to support of any child requires that its father must give him "support and education suitable to his circumstances." It provides further that a guardian may maintain an action against the father "in behalf of a minor child." Section 196a does not give the father a cause of action for contribution.

*Gluckman* v. *Gaines* (1968) 266 Cal.App.2d 52, 54 [71 Cal.Rptr. 795], cited by appellant, supports the position that contribution does not apply here. There the action involved a complaint by a father against a son for support and maintenance under Civil Code section 206. The court noted that the obligation imposed by the section for the support of a parent is upon the children collectively and stated that the "California Supreme Court in an early case held that where a parent was being supported by certain of her children and there was no threat of a withdrawal of that support, the parent was not entitled to maintain an action against another child for contribution (*Duffy* v. *Yordi, supra,* 149 Cal. 140 [84 P. 838]), section 206 has more recently been construed to require several children to support the parent in proportion to their abilities to do so respectively. (*Britton* v. *Steinberg, supra,* 208 Cal.App.2d 358.)" (At p. 54.) There is nothing in *Gluckman* that indicates that one parent is entitled to contribution from the other parent. Here the county, in its discretion, decided to bring the support action against the father alone. It

could have included the mother also, as both parents are liable for the full support of the child. Its failure to do so does not give the father any right to contribution from the mother.

The county may still commence an action against Antoinette Fink for support of the child, as may also the guardian of Steven Fink.

Since the law expressly prohibits cross-complaints in support actions and expressly states that "[t]he mother shall not be a necessary party in such action" (Welf. & Inst. Code, § 11350.1) and because as a matter of law one parent has no right of contribution from the other parent in connection with child support, there is no triable issue of fact in this proceeding and the court properly granted the summary judgment.

2) *Section 11350.1 of the Welfare and Institutions Code is constitutional.*

■ Appellant in his closing brief appears to argue inarticulately that section 11350.1 is unconstitutional, citing *Cotton* v. *Municipal Court* (1976) 59 Cal.App.3d 601 [130 Cal.Rptr. 876]. In *Cotton,* defendants, who were all fathers of minor children, attacked the constitutionality of section 270 of the Penal Code before it was amended in 1974 on the ground that it discriminated on the basis of sex by imposing criminal sanctions on a father who wilfully fails to provide for a minor child, while not imposing similar sanctions upon a mother unless the father of such child is dead or has failed for any other reason to provide for such support. The court stated since the statute was challenged as a denial of equal protection, it must be tested by the strict scrutiny standard of review because the statute touches upon a fundamental interest (the personal liberty of one convicted of violating it) and because it discriminated upon the basis of sex, a suspect classification. (*Id.,* at p. 605.) The court in holding the statute was unconstitutional stated: "Undoubtedly the state has a compelling interest in securing the support of minor children and in protecting the public from the burden of supporting children who have parents able to provide for them [citation]. While that compelling interest fully justifies the imposition of criminal penalties upon parents who willfully fail to support minor children, the People have not demonstrated in these proceedings, or even argued, that the discriminatory features of the statute differentiating between fathers and mothers of minor children were necessary to further that statutory purpose." (*Id.,* at pp. 606-607.)

Appellant also relies upon *In re Marriage of Muldrow* (1976) 61 Cal.App.3d 327 [132 Cal.Rptr. 48]. In *Muldrow,* the trial court entered an order modifying an interlocutory judgment of dissolution of marriage so as to award custody of the four children of the parties to the father with whom they had been living, but it denied the father's request for child support assistance from the mother. The appellate court held that denial of child support from the mother was an abuse of discretion as both parents have a duty to support their children.

*Muldrow* stands for the well established principle that each parent has a legal obligation to support his or her child and that when both parties are before the court, the court should require each parent to support the children in proportion to his or her ability to do so. *Cotton* stands for the proposition that statutes may not differentiate between parents who have failed to support their children.

The only possible ground for asserting that section 11350.1 differentiates between parents upon the basis of sex, a suspect classification, is that it provides that a "mother shall not be a necessary party" in an action brought by the district attorney but the section does not mention the father. In passing upon the constitutionality of legislation "Courts should exercise judicial restraint in passing upon the acts of coordinate branches of government; the presumption is in favor of constitutionality, and the invalidity of the legislation must be clear before it can be declared unconstitutional." (*Dittus* v. *Cranston* (1959) 53 Cal.2d 284, 286 [1 Cal.Rptr. 327, 347 P.2d 671]; *Board of Supervisors* v. *Dolan* (1975) 45 Cal.App.3d 237, 241 [119 Cal.Rptr. 347].) Therefore, although section 11350.1 does not mention fathers, it must be presumed that a father is not a necessary party when the district attorney brings an action against a mother. It should be noted that section 11350.1 does not touch a fundamental right as a parent does not have a fundamental right not to contribute as much as he or she is able to the support of his or her child.

Thus, the lower court properly granted summary judgment on the cross-complaint in favor of Antoinette Fink.

Judgment affirmed.

Taylor, P. J., and Kane, J., concurred.