[No. A041329. First Dist., Div. Five. Apr. 12, 1989.]

In re the Marriage of PATRICIA ANN and RODNEY D. WILSON.
RODNEY D. WILSON, Respondent, v.
PATRICIA ANN WILSON, Respondent.

GARY T. YANCEY, as District Attorney, etc., Respondent, v. CARPENTERS LOCAL UNION NO. 2046 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, Appellant.

[redacted]

**Counsel**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Josanna Berkow, Deputy Attorneys General, for Respondents.

Victor J. Van Bourg, Robert M. Hirsch and Van Bourg, Weinberg, Roger & Rosenfeld for Appellant.

**Opinion**

**KING, J.**—In this case we hold that a labor union which operated a hiring hall referring its members for employment could be joined as a party to the marital dissolution action of one of its members for the purpose of ordering

the union to notify the other spouse of such referrals in order to enforce the member's obligation under a child support order. Joinder and the issuance of the order were authorized under the Family Law Act and did not violate the rights of labor union members under our federal or state Constitutions or under federal labor law.

Carpenters Local Union No. 2046 appeals from an order requiring the union to give oral notification to the District Attorney of Contra Costa County, Family Support Division, whenever the union has sent Rodney D. Wilson to fill an employment request. We affirm.

Rodney's marriage to Patricia Ann Wilson was dissolved in 1983 and Rodney was ordered to make monthly child support payments of $250 or a yearly payment of $3,000. Rodney ceased voluntary payments after January 1985. By June 30, 1987, his child support arrearages were $6,906. The local district attorney attempted to achieve a wage assignment but was unable to do so because Rodney regularly changed jobs before the district attorney was able to locate his employer and his union did not respond to requests for notification whenever it referred Rodney for employment.

The district attorney sought joinder of the union and requested a court order requiring the union to notify the district attorney whenever it referred Rodney for employment. The court granted the motion for joinder and then rendered an order requiring the union to give oral notification to the district attorney "within 24 hours after said Union has sent Rodney D. Wilson to fill an employment request" and to provide the name, address and telephone number of the employer.

■ The union contends the notification order infringes its members' constitutional rights to free association and organizational rights under federal labor law, and the joinder order was procedurally unsupported, because the district attorney failed to show there was no less restrictive alternative to oral notification. (See *Shelton* v. *Tucker* (1960) 364 U.S. 479, 488 [5 L.Ed.2d 231, 237, 81 S.Ct. 247]; *Britt* v. *Superior Court* (1978) 20 Cal.3d 844, 855-856 [143 Cal.Rptr. 695, 574 P.2d 766].) The union concedes there is a compelling state interest in enforcing child support orders generally. (See, e.g., *Crookham* v. *Smith* (1977) 68 Cal.App.3d 773, 778 [137 Cal.Rptr. 428].) The sole issue is whether there was a sufficient showing of necessity here. The union claims the showing was inadequate because the district attorney failed to explain why he did not attempt to obtain employment information from other sources or attempt to seize other assets.

The factual showing was adequate. A declaration submitted by the district attorney's senior collections officer established that absent oral notification Rodney was able to change jobs before his employer could be located. This demonstrated a compelling need for *prompt* notification, a role for which the employment referring entity was uniquely suited. The existence of a continuing support obligation and substantial arrearages established the need for a *regular* source of collection, not merely a one-time seizure of assets.

Wage assignments require employers to withhold support obligations from an employee's pay and forward them directly to the obligee and are authorized for the collection of child support under the circumstances provided by Civil Code section 4701. Wage assignments are such an effective vehicle for collection of support that Congress recently enacted the Family Support Act of 1988 amending 42 United States Code section 666, effective January 1, 1994, to require, with limited exceptions, that all child support orders made on or after that date include a wage assignment. (Pub.L. No. 100-485 (Oct. 13, 1988) 102 Stat. 2343.) There are two instances in which wage assignments have proven ineffective: when the obligor is self-employed and when the obligor is referred for short-term employment from union hiring halls. Judicial ingenuity is required to provide an effective alternative vehicle for self-employed obligors.[1] In the case of Rodney, who works out of a union hiring hall, a wage assignment would be ineffective unless the employer can be identified by the obligee immediately upon Rodney's referral from the hiring hall. Otherwise, by the time the employer could be identified Rodney's employment with that employer would have ended and he would be working for other employers based upon later hiring hall referrals.

Any intrusion upon rights conferred constitutionally or by federal labor law was justified here by the compelling state interest in enforcing child support orders and the demonstrated absence of a less restrictive alternative to oral notification. Joinder was proper on the ground it was "necessary to the enforcement" of the judgment. (Cal. Rules of Court, rule 1254(a).) The order requiring notification by the union is authorized under Civil Code section 4351, giving the court jurisdiction to make such orders as are appropriate concerning support of minor children, and Civil Code section 4380, authorizing the court to enforce any judgment by such orders as the court in its discretion may deem necessary.

---

[1] An alternative found to be effective in enforcing support orders against self-employed obligors is described in Hogoboom & King, California Practice Guide: Family Law I (1989) section 18.106.5, page 18-57.

The order is affirmed.

Low, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 28, 1989.