Filed 4/17/23  Q.Y.J. v. R.T. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Q.Y.J.,<br><br>        Petitioner,<br><br>v.<br><br>R.T.,<br><br>        Respondent;<br><br>LYNN SCHOENMANN, as Trustee, etc.,<br><br>        Appellant. | A163134<br><br>(San Francisco County<br>Super. Ct. No. FPT09375986) |

Appellant Lynn Shoenmann appeals an order denying her petition to join this paternity action involving respondent R.T. (father) and respondent Q.Y.J.("mother").[1]  Shoenmann, who is the trustee of father's bankruptcy estate, requested joinder in order to attack and unwind, on behalf of father's creditors, an asset transfer to mother that the family court had approved more than a decade earlier that was intended to secure father's child support obligations to mother for the duration of their child's minority.  The

---

[1]  Much of the record has been conditionally filed under seal under the Uniform Parentage Act (see Fam. Code, § 7643; *Louden v. Olpin* (1981) 118 Cal.App.3d 565, 569-570).  Because of the confidential nature of the record, we hereby order the appellate record sealed.  We also refer to the parties other than appellant by their initials and discuss the facts in abbreviated fashion.

1

bankruptcy trustee has failed to persuade us that the family court's rejection of her joinder request was an abuse of discretion, and we therefore affirm.

## BACKGROUND

In February 2009, mother initiated this paternity action to determine father's custodial rights and financial obligations concerning the couple's then two-month-old son. The two are not married.

At the time the case began, father was facing significant criminal and civil legal exposure arising from a fatal car accident in which he had been involved in 2007, before his child was born. He had been charged criminally with various counts for the incident and was incarcerated in San Mateo County jail awaiting sentencing. There also was a civil action pending against him for wrongful death and personal injuries filed by the parents of the child who was killed in the car crash and their surviving daughter who had been injured.

Mother and father promptly reached a stipulated resolution of the paternity action. In June 2009, shortly after the case was filed, the court entered a stipulated judgment awarding them joint legal custody of their child and granting mother sole physical custody and $1,450 in monthly child support.

Father's legal troubles then escalated. In October 2009, he was convicted of gross vehicular manslaughter in connection with the accident and sentenced to seven years in state prison. While his criminal appeal was pending, the civil case was set for an upcoming trial. He was serving his prison sentence, facing mounting legal expenses, was at least five months in arrears on his child support obligations and anticipated suffering a civil judgment greatly exceeding his financial means.

Because of father's dire financial situation, in June 2010 the parties stipulated in the paternity action to a court-ordered transfer of some of his real estate assets to mother in order to secure his child support obligations to her. They invoked Family Code section 4012, which states that "[u]pon a showing of good cause, the court may order a parent required to make a payment of child support to give reasonable security for the payment." Specifically, father owned an interest in a commercial building in San Francisco through a limited partnership called Green Oasis, L.P., which he estimated was worth $910,000. By order filed June 14, 2010, the family court entered a post-judgment order under Family Code section 4012 reciting the details of father's circumstances and providing in relevant operative part as follows: "Consistent with California Family Code §4012 *inter alia*, and in order to secure child support payments under the [June 2009 judgment], [father] agrees, and does hereby grant to [mother], for the benefit of the Minor Child until he should reach the age of eighteen (18): a thirty-two percent (32%) limited partnership interest in Green Oasis, L.P., and a security interest in [father's] limited partnership interest in Green Oasis, L.P. Such 32% interest has an approximate value of $295,000 based on the $910,000 income based value. The aggregate total value of child support payments under the [June 2009 judgment] from [the] present date until the child reaches the age of 18 years old is $295,000." The stipulated order also stated: "[Father] acknowledges that he is only stipulating to what [mother] could obtain by attaching a charging order to, and foreclosing on his limited partnership interest in Green Oasis, LP pursuant to the [June 2009 judgment] and under California Corporations Code §15907.03(a)&(b) and California Family Code §4012 *inter alia*. The above-described grant of the limited partnership interest to [mother] for the benefit of the child, therefore,

3

represents a logical concession on the part of [father], which helps to conserve judicial resources and is in the best interests of the child. [¶] After the thirty-two percent (32%) limited partnership interest in Green Oasis, LP is transferred to [mother], she will enjoy rights of a limited partner, subject to the terms of this stipulation and order, and consistent with California Family Code §4012 *inter alia.*" (Fn. omitted.)

Subsequently, the three plaintiffs in the civil suit filed a second lawsuit against father in San Francisco Superior Court (the date is not in the record) to challenge the June 2010 security order as a fraudulent transfer. After a jury trial, the case proceeded to judgment in November 2013, with the court declining to set aside the security order. The superior court entered a judgment reflecting a jury finding that father's transfer of 32 percent of Green Oasis LP to mother "was done to delay, to hinder, or to defraud the plaintiffs in connection with their claims" arising from the car crash and that mother "did not take the interest in the partnership in good faith and for reasonably equivalent value." But the judgment also decreed that the transfer "was done pursuant to a court order and judgment" in the paternity action, and that because "said order has not been set aside or otherwise modified[,] . . . this Court sitting in equity declines to void, to alter, to vacate, to set aside, or otherwise to disturb that family law order and thus shall not modify in any way the transfer in 2010 of thirty-two percent (32%) of Green Oasis Limited Partnership by [father] to [mother]." The judgment noted that "Plaintiffs may seek relief in the family court matter, to the extent allowed under California law." The judgment also recited that the transfer "was and is" for the child's benefit to secure father's child support obligations, that mother has a security interest in 32 percent of Green Oasis Limited Partnership, that the security order and transfer "was not for the benefit of

4

[father] or [mother]" and that the court "has no jurisdiction over the minor." The judgment recited that father's remaining 14 percent interest in Green Oasis Limited Partnership "is available for payment towards satisfaction through lawful and valid collection actions by Plaintiffs of the San Mateo County Superior Court Judgment" arising from the car crash.

By the time the November 2013 judgment in the fraudulent transfer lawsuit was entered, father's conviction had been reversed on appeal, he had been released from prison (in April 2012) and the wrongful death/personal injury action had proceeded to a judgment against him (in October 2012).[2]

For the next seven and a half years, the civil suit plaintiffs took no further action to challenge the child support security order. There is no indication in the record that they appealed the November 2013 judgment declining to set it aside.[3] And when father filed for bankruptcy six years later in September 2019 and appellant was immediately appointed as the bankruptcy trustee, appellant took no action concerning the security order.

On January 10, 2019, after father and mother had been physically separated since 2016, father filed a petition for custody and visitation of the minor and sought to modify the 2010 order. That request was denied.

By September 26, 2019, the civil judgment against father had grown to $11,000,000, and father filed for bankruptcy protection. The civil case

---

[2] Father says in his brief, without citation to the record but not contested by appellant, that the verdict exceeded $7.2 million.

[3] Father asks us to take judicial notice of the fact that the judgment was not appealed, but such requests must be made by a properly noticed motion. (See Cal. Rules of Court, rule 8.252(a)(1).) Appellant tacitly concedes in her reply brief that the judgment was not appealed, however, and we accept that concession.

5

plaintiffs filed an adversary action in the bankruptcy court in December 2019.

On February 8, 2021, a year and a half after appellant had been appointed bankruptcy trustee and nearly 11 years after the family court entered the child support security order, appellant filed a motion seeking leave to "join" in the paternity case, for the purpose of recovering for the benefit of father's creditors the 32 percent partnership interest that had been transferred to mother. The motion argued that (1) based on the judgment declaring the security order to be a fraudulent transfer, the 32 percent interest transferred to mother was property of the bankruptcy estate; (2) the security order was no longer necessary because the parents had been living together since April 2012 and the child was the beneficiary of a separate trust established by father; and (3) the trustee was both an indispensable and necessary party to the paternity action. The motion was accompanied by a proposed pleading (Petition for Joinder) alleging three causes of action (for modification of the child support security order, declaratory relief and fraudulent transfer), asking the court to "effectuate the fraudulent transfer verdict" by terminating the security interest granted to mother.

Mother and father orally opposed the bankruptcy trustee's motion at the hearing, and, following argument, the court denied it. The court ruled that although the trustee "qualifies as a person who may seek joinder under California Rules of Court 5.24 (rule 5.24), due to her claimed ownership of the 32% interest in [the limited partnership] as the trustee of father's [bankruptcy] estate, the issue at bar is not appropriate for this Court to determine." It ruled that the child's support needs took precedence over the trustee's claims pursuant to Family Code section 4011, and in addition made an express finding under rule 5.24 that "joining claimant as a party will

6

confuse and complicate the issue of child support for the minor child." It further found that the security order "is a valid Court Order and that [mother's] 32% interest [in] Green Oasis Limited Partnership shall be maintained for the benefit of the minor as continued child support until he reaches the age of majority."

This timely appeal followed. Father has filed a respondent's brief; mother has not.

## DISCUSSION

The trustee argues, first, that the court abused its discretion in denying her request to join in the paternity action because all the factors for permissive joinder under rule 5.24 favored joining her in the case.[4] (See *Schnabel v. Superior Court* (1994) 30 Cal.App.4th 758, 763 (*Schnabel*) [denial of request for permissive joinder in family law action is reviewed for abuse of discretion].) Father responds with many arguments, most of which are unnecessary to address.[5] All judgments are presumed to be correct, and the

---

[4] In relevant part, that portion of the rule (entitled "Permissive joinder") states: "The court may order that a person be joined as a party to the proceeding if the court finds that it would be appropriate to determine the particular issue in the proceeding and that the person to be joined as a party is either indispensable for the court to make an order about that issue or is necessary to the enforcement of any judgment rendered on that issue. [¶] In deciding whether it is appropriate to determine the particular issue in the proceeding, the court must consider its effect upon the proceeding, including: [¶] (A) Whether resolving that issue will unduly delay the disposition of the proceeding; [¶] (B) Whether other parties would need to be joined to make an effective judgment between the parties; [¶](C) Whether resolving that issue will confuse other issues in the proceeding; and [¶] (D) Whether the joinder of a party to determine the particular issue will complicate, delay, or otherwise interfere with the effective disposition of the proceeding." (Rule 5.24(e)(2).)

[5] In addition to asserting the court did not abuse its discretion under rule 5.24, father argues the trustee waived her right to attack the child

7

burden is on the party challenging a trial court ruling to affirmatively demonstrate error.  (See *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006.)  The trustee has failed to meet her burden of demonstrating an abuse of discretion under rule 5.24.

First, the trustee has not demonstrated that rule 5.24 is applicable.  That rule states: "[a] person who claims or controls an interest in any matter subject to disposition in the proceeding may be joined as a party to the family law case *only as provided in this chapter*."  (Italics added.)  Subdivision (c) of rule 5.24 limits the categories of persons who may initiate joinder, and none include a third-party claimant.  Captioned "Persons who may seek joinder," that subdivision states:  "(1) *The petitioner or the respondent may apply to the court for an order joining a person as a party to the case* who has or claims custody or physical control of any of the minor children subject to the action, or visitation rights with respect to such children, or who has in his or her possession or control or claims to own any property subject to the jurisdiction of the court in the proceeding. [¶] (2) *A person who has or claims custody or physical control of any of the minor children subject to the action, or visitation rights with respect to such children*, may apply to the court for an order joining himself or herself as a party to the proceeding. [¶] (3) *A person served with an order temporarily restraining the use of property that is in his or her possession or control or that he or she claims to own, or affecting the custody of minor children subject to the action, or visitation rights with respect to such children*, may apply to the court for an order joining himself or herself as a party to the proceeding."  (Rule 5.24(c), italics added.)  The trustee offers no

___

support security order, the trustee is barred from attacking it by res judicata, and the joinder motion was untimely.

8

authority for her implicit assumption that rule 5.24 may be invoked by a third party claiming an interest in one parent's property (i.e., here the trustee of father's bankruptcy estate).

Second, even if we assume the rule applies, the trustee has not persuaded us the trial court abused its discretion in denying joinder. "[A] family law court is not mandated to join a third party even when it appears the moving party has established one or all of the criteria set forth in the applicable rules." (*Schnabel, supra*, 30 Cal.App.4th at p. 765.) "[J]oinder of a third party to a family law proceeding is compelled only in the *rarest of circumstances . . . .*" (*Id.* at p. 760.) Only "[i]n an extremely small number of cases" is joinder "the only reasonable alternative." (*Id.* at p. 763.) Here, the trial court concluded that allowing joinder would complicate and confuse the issue of child support. The trustee acknowledges that finding but asserts that joining her in the case would not complicate or confuse the issues without offering any real argument as to why that is so. Her conclusory, undeveloped argument on that point does not demonstrate an abuse of discretion.

And we perceive none. The trial court reasonably concluded that allowing her to join would complicate and confuse the issue of child support. If the trial court were to vacate or modify the child support security order that had been in place for over a decade, it is not clear that mother would have any means of ensuring that father pay the child support he had been ordered to pay. The parties and the court could face the prospect of continued litigation over child support arrearages, and/or requests to modify father's stipulated child support obligations. The court did not abuse its discretion in declining to let this happen. It reasonably refused to let a stipulated resolution of the parties' respective child support rights and obligations that

9

the superior court had declined to set aside be challenged a second time, potentially complicating and confusing the family law proceedings and undermining support for the minor. The trustee cites no authority suggesting this was an abuse of discretion.

In addition to addressing rule 5.24, the trustee also raises several arguments going to the merits of whether the child support security order should be set aside. She asserts that father and mother are collaterally estopped from enforcing the child support security order based upon the finding in the fraudulent transfer action that the transfer was fraudulent. She also argues that the child support security order is not proper under Family Code section 4012, because (1) it is no longer supported by good cause now that father has been out of prison for 10 years, and (2) it is not a reasonable form of security. We do not reach any of these issues because the trustee did not raise them below in support of her joinder motion and so they are forfeited. (See *Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 332 [" '[C]ollateral estoppel must be proved [in the trial court] or it is waived' "]; accord, *People v. Harden* (2022) 81 Cal.App.5th 45, 52; see also *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 [" 'issues not raised in the trial court cannot be raised for the first time on appeal' "]; *Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 474, fn. 15.) Furthermore, these points go to the merits of whether the child support security order must be set aside; they are not relevant to the antecedent question whether the trial court abused its discretion in declining to allow the trustee to participate in the case to litigate that issue.[6]

---

[6] After this appeal was fully briefed and an oral argument date had been set, the trustee filed a request that we take judicial notice of mother's testimony at a deposition taken in an adversary proceeding in the bankruptcy

The trustee also argues the trial court "applied the wrong code section" in denying joinder, by relying on Family Code section 4011 governing the priority of child support obligations rather than on Family Code section 4012 governing security for child support obligations. It is unnecessary to address this argument. "[I]t is a settled appellate principle that if a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning." (*Young v. California Fish and Game Commission* (2018) 24 Cal.App.5th 1178, 1192-1193.) Because, as explained above, the trial court could reasonably conclude that re-opening the child support security issue would confuse and complicate the ongoing issue of child support, there was no abuse of discretion in denying joinder.

In her reply brief, the trustee makes somewhat convoluted arguments, supported by citation to authorities that she does not analyze or explain. Many of her cited authorities do not address the issue of joinder.[7] Three cited cases do involve issues pertaining to joinder and/or intervention but have no apparent relevance here. One affirmed a ruling compelling joinder in very different factual circumstances. (See *Marriage of Wilson* (1989) 209 Cal.App.3d 720, 723 [holding joinder of labor union in dissolution

action. She claimed the deposition testimony was relevant because "it shows that the security for child support was, and is, not reasonable." The testimony is not relevant for the reasons we have just stated and we therefore deny the request.

[7] See *In re Marriage of Justice* (1984) 157 Cal.App.3d 82 [addressing issues pertaining to validity of order compelling payment of wife's community share of husband's disability retirement benefits to her]; *Brown v. Brown* (1971) 22 Cal.App.3d 82 [addressing family court's post-judgment jurisdiction to order spouse to pay community share of proceeds from community stock sale]; *Fidelity National Title Ins. Co. v. Schroeder* (2009) 179 Cal.App.4th 834 [fraudulent conveyance issues].

11

was necessary to enforce child support judgment because union could be ordered to give notice to district attorney's office whenever supporting spouse was referred to a new job].)  Another approved an order substituting a bankruptcy trustee as a defendant in a non-family law matter in place of a judgment creditor of the bankrupt estate.  (*Crofton v. Young* (1941) 48 Cal.App.2d 452, 456 [action to quiet title to real property].)  And the third case affirmed an order denying the request of a corporate shareholder to intervene in litigation being conducted on behalf of the corporation by its bankruptcy trustee.  (See *Continental Vinyl Products Corp. v. Mead Corp.* (1972) 27 Cal.App.3d 543.)  Because the trustee fails to analyze or explain the relevance of any of her cited authorities, we disregard them.  (See *Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654.)  An appellate court is not required to make arguments for any party and may disregard "conclusory arguments failing to disclose the reasoning by which [the parties] reached the conclusions they ask us to adopt."  (*KCSFV I, LLC v. Florin County Water Dist.* (2021) 64 Cal.App.5th 1015, 1031.)

The trustee also contends in her reply brief that father lacks capacity to oppose her joinder motion.  Once again, that is an issue that is unnecessary to address because it is not relevant to the question whether the trial court's ruling was an abuse of discretion.

Finally, at oral argument, the trustee raised a new argument that she had not made in her briefs.  She contended that she would not be a "third party" for purposes of joinder because she "stands in the shoes" of father with respect to property he owns.  The trustee waived this argument by failing to raise it in her briefs.  (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2022) ¶¶10:22.)

Even if we considered it, the argument does not persuade us that the trial court abused its discretion in denying joinder. It is not accurate to say that the trustee is not a third party in the child custody proceeding because she would stand in father's shoes. To be sure, a trustee holds the debtor's property and may pursue or defend claims that affect such property; however, she does so in fulfillment of her duty to the *creditors* of the bankrupt debtor. (See *Hammond Lumber Co. v. Gilkey* (1932) 120 Cal.App. 252, 256 ["While it is true . . . that a trustee in bankruptcy succeeds to the title of the bankrupt, it is not true that he does for that reason act as the agent or representative of the bankrupt [debtor] in the subsequent proceedings, except only in the matter of setting apart to him the exemptions allowed by law. For all other purposes the trustee is the representative of the creditors, and them only, and not in any sense of the bankrupt"].) The trustee cited no authority in her briefs or during oral argument supporting the proposition that because she holds the debtor's property in trust, she has a *right* to join or intervene in a family court proceeding and that joinder is not, in such a situation, discretionary.

## DISPOSITION

The order denying the bankruptcy trustee's motion to join in the case is affirmed. Respondents shall recover their appellate costs.

13

 

 

 

_____

STEWART, P.J.

 

We concur.

 

_____

RICHMAN, J.

 

_____

MILLER, J.

 

_Q.Y.J. v. R.T._ (A163134)