[No. A046139. First Dist., Div. One. Aug. 13, 1990.]

COUNTY OF NAPA et al., Plaintiffs and Appellants, v. DAVID JOSEPH COMBS, Defendant and Respondent.

**COUNSEL**

Jerome J. Mautner, District Attorney, and Letty K. van der Vegt, Deputy District Attorney, for Plaintiffs and Appellants.

Mervin C. Lernhart, Jr., and Edward J. Farrell for Defendant and Respondent.

## OPINION

**STEIN, J.**—The County of Napa (County), for itself and on behalf of Jennifer Combs, appeals from a judgment in the County's action against her father, David Joseph Combs (Combs), for child support and reimbursement of welfare funds.

Jennifer had been placed in a foster home, pursuant to Welfare and Institutions Code section 300, and a grant from the "Aid to Families with Dependent Children" program (AFDC) funded that placement. The County requested reimbursement pursuant to Welfare and Institutions Code section 11350[1] for the AFDC funds expended between August 24, 1985, and October 31, 1987, as a result of Jennifer's placement in foster care. After the death of Jennifer's mother, the County received Social Security survivor benefits from May 1986 through October 1987.

The court found that Combs's liability for his daughter's support while she was in foster care was the statutory minimum under Civil Code section 4720. The court further found that Combs was entitled to a credit toward his child support obligation for the Social Security survivor benefits the County had received. Since the amount the County received from the Social Security survivor benefits exceeded Combs's monthly support liability, the trial court entered judgment in favor of the County for reimbursement only for the period Jennifer was in foster care prior to the receipt of those benefits.

The County appeals from that portion of the judgment which credits Combs with the Social Security payments. We will reverse the judgment.

The trial court ruled that Civil Code section 4705 and *In re Marriage of Denney* (1981) 115 Cal.App.3d 543 [171 Cal.Rptr. 440] require that Combs be given credit for the Social Security survivor benefits the County received against the amount of support he has been ordered to pay. Civil Code section 4705 provides: "In any case in which the court has ordered a noncustodial parent to pay for the support, maintenance, and education of a child, payments for the support of such child made by the federal government pursuant to the Social Security Act or Railroad Retirement Act because of the retirement or disability of the noncustodial parent and transmitted to the custodial parent each month shall be credited toward the amount ordered by the court to be paid for that month by the noncustodial

---

[1] That section provides, in part, that in the event of the separation of a parent from a child which results in a grant of aid under the "Aid to Families with Dependent Children," the noncustodial parent shall be obligated to the county for the amount specified in a court order for the support of that child.

parent for support of the child unless the payments made by the federal government were taken into consideration by the court in determining the amount of support to be paid by the noncustodial parent." ■ It is well settled that where Social Security benefits are paid to the custodial parent due to the retirement or disability of the noncustodial parent, credit must be given in that amount against other support obligations. (*In re Marriage of Denney, supra,* 115 Cal.App.3d at p. 553.) ■ The County argues, however, that Combs cannot be given credit under Civil Code section 4705 because the Social Security survivor benefits derive from Jennifer's mother, not Combs.

Both parents have an equal responsibility to support their child. (Civ. Code, § 196, subd. (a).) Respondent Combs, as Jennifer's only surviving parent, became liable to the County for her support when she was placed in foster care. (Welf. & Inst. Code, § 11350.) The trial court has determined respondent's obligation for Jennifer's support. Were Jennifer's mother alive, the fact that she would also be obligated to support her child would not permit Combs to seek contribution from her against the amount that he has been ordered to pay. (See *Crookham* v. *Smith* (1977) 68 Cal.App.3d 773, 777 [137 Cal.Rptr. 428].) "Both parents are obligated to the child and to the county for the child's support but not to each other." (*Ibid.*) After Jennifer became a dependent ward of the juvenile court and was placed in foster care, her mother's estate[2] as well as Jennifer's, became liable for the reasonable costs of her support; however, "[t]he liability of these persons and estates shall be a joint and several liability." (Welf. & Inst. Code, § 903.) Social Security survivor benefits owed to Jennifer and paid to the County while she was in foster care cannot be credited to her father's minimum child support liability.

Combs maintains that Civil Code section 4705 requires that any Social Security benefits be credited towards the obligations of the parental *unit.* Following this analysis, the result is simple: The trial court determined the monthly amount that was owing to the County under Civil Code section 4720; the County has received more than that amount by means of the Social Security survivor benefits; therefore, the obligations of Jennifer's parents are satisfied, and the County may not recover more.

The flaw in this "parental unit analysis" is apparent when the situation involves two living parents. Both the father and the mother have independent obligations for financial support. (Civ. Code, § 196; Welf. & Inst. Code, § 903.) ■ Neither parent may assert as a defense to a claim of

---

[2] Although the Social Security survivor benefits derive from Jennifer's mother, they cannot be said to be part of her "estate."

reimbursement by the County the obligation of the other to support their child (*County of El Dorado* v. *Spence* (1986) 182 Cal.App.3d 698, 704 [227 Cal.Rptr. 365]; *County of Ventura* v. *George* (1983) 149 Cal.App.3d 1012, 1015-1016 [197 Cal.Rptr. 245]) nor require contribution from the other for any support paid for the child. (*Crookham* v. *Smith, supra*, 68 Cal.App.3d at p. 777.) Civil Code section 4705, therefore, does not discharge Combs's liability to the County for the costs of Jennifer's care where the Social Security survivor benefits derive from her mother's death.

Combs notes that while Jennifer resided with him, he could properly use the Social Security survivor benefits she received to defray the cost of her maintenance. (See 20 C.F.R. § 404.2040(a) (1968).) While these benefits may be used for Jennifer's care and support, they may not be used to discharge her father's obligation to the County for the reasonable costs of her support.[3] Combs's duty to support Jennifer regardless of whether she has an estate of her own (*In re Marriage of Cosgrove* (1972) 27 Cal.App.3d 424 [103 Cal.Rptr. 733]) bars the credit granted by the trial court.

The judgment is reversed.

Racanelli, P. J., and Newsom, J., concurred.

---

[3] To the extent Social Security survivor benefits are not needed for Jennifer's current maintenance, they must be invested on her behalf (20 C.F.R. § 404.2045 (1989)). Jennifer's estate therefore is being charged for her maintenance to the extent the AFDC grant exceeds Combs's ability to pay.