[No. C017186. Third Dist. Mar. 21, 1995.]

In re the Marriage of MARY E. and JAMES GORDON BERTRAND.
MARY E. BERTRAND, Plaintiff and Appellant, v.
VICKI L. BERTRAND, as Executor, etc., Defendant and Respondent.

## COUNSEL

Jackson, Brown & Efting and James H. Efting for Plaintiff and Appellant.

Matthew J. Connolly and Rose M. Cardoso for Defendant and Respondent.

## OPINION

PUGLIA, P. J.—Plaintiff Mary E. Bertrand (wife) appeals from an order of the trial court declaring that Social Security benefits paid to the parties' child by reason of the death of defendant James Gordon Bertrand (husband) satisfy husband's ongoing child support obligation. Wife contends credit for such payments made on account of death is not authorized by Family Code section 4504, which expressly authorizes credit toward a noncustodial parent's child support obligation for Social Security benefits paid for the support of the child "because of the retirement or disability of the noncustodial parent." We agree and shall reverse.

Husband and wife were married on August 6, 1977. The marriage was dissolved January 7, 1991. One child was born of the marriage. Under the terms of the dissolution, the parties received joint legal and shared physical custody of the child, with the child residing primarily with wife. Husband was ordered to pay monthly child support of $304.

Husband died November 19, 1992, and the child began receiving monthly Social Security payments of $768 on account of his death. The executor of defendant's estate suspended child support payments. On April 15, 1993, citing changed circumstances, the executor sought an order modifying husband's child support obligation to reduce it to zero. Wife countered with a motion seeking an order for support arrearages. The executor responded, moving that past due support obligations be credited with Social Security payments previously received.

The trial court entered an order declaring: "Social Security benefits being paid by reason of the death of [husband] does [sic] satisfy [husband's] obligation to support."

Wife appeals from this order, contending it is not authorized by Family Code section 4504 (hereafter section 4504), which provides: "If the court has ordered a noncustodial parent to pay for the support of a child, payments for the support of the child made by the federal government pursuant to the Social Security Act or Railroad Retirement Act because of the retirement or disability of the noncustodial parent and transmitted to the custodial parent each month shall be credited toward the amount ordered by the court to be paid for that month by the noncustodial parent for support of the child unless the payments made by the federal government were taken into consideration by the court in determining the amount of support to be paid by the noncustodial parent." Wife contends that because this provision expressly includes "retirement or disability," but does not refer to death, it necessarily excludes benefits paid on account of death.[1]

Asserting that death is the "ultimate" disability, the executor contends death must therefore be included within the term "disability" in section 4504. The truth of the proposition, "the greater includes the lesser," is incontrovertibly demonstrable both logically and empirically. The executor seductively inverts that proposition and posits a solecism, i.e. "the lesser

---

[1]In her written submissions to the trial court the executor did not cite section 4504 as authority for crediting Social Security payments to husband's support obligation. Nor did the court refer to section 4504 in its order. We have not been provided a reporter's transcript and cannot determine if section 4504 was cited to the trial court in oral argument. Nevertheless, on appeal the parties tacitly assume this was the basis for the court's order and our analysis begins with that assumption.

includes the greater." This is both illogical and contrary to the laws of nature. To describe death as "the ultimate disability," i.e. as included within disability, may be a felicitous figure of speech, but it is not a logical premise from which to draw a valid conclusion. In any event, statutory interpretation is analytic, not formulaic.

The executor seeks support in *County of Napa* v. *Combs* (1990) 222 Cal.App.3d 1077 [272 Cal.Rptr. 282]. In that case the court considered whether the predecessor statute to section 4504 required Social Security benefits paid on account of the *custodial* parent's death to be credited against the *noncustodial* parent's support obligation. After the custodial parent died, the child was placed in foster care. In an action against the father, the noncustodial parent, the county sought to recover the cost of such care. The Court of Appeal reversed judgment for the father, explaining: "Civil Code section 4705 [the predecessor of section 4504] . . . does not discharge [the noncustodial parent's] liability to the County for the costs of [the minor's] care where the Social Security survivor benefits derive from the [custodial parent's] death." (222 Cal.App.3d at p. 1081.)

The executor argues that since the Court of Appeal denied credit because Social Security benefits were paid on account of the *custodial* parent's death rather than the death of the noncustodial parent, the court implicitly acknowledged that Social Security benefits paid on account of the noncustodial parent's *death* would have been within the contemplation of section 4504. We disagree. By ruling as it did, the court was not required to consider whether death benefits are included within section 4504 and it did not do so. Cases are not authority for propositions not considered. (*People* v. *Saunders* (1993) 5 Cal.4th 580, 592, fn. 8 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61, 73 [145 Cal.Rptr. 368, 577 P.2d 188].)

 Unlike *County of Napa* v. *Combs, supra,* the question whether death benefits are included in section 4504 is squarely tendered here. Since husband was neither retired nor disabled at the time of the dissolution, the child was not then receiving Social Security benefits and such benefits, perforce, were not factored into the determination of husband's support obligation. Although husband has since died, his support obligation survives his death and is a charge against his estate (*Taylor* v. *George* (1949) 34 Cal.2d 552, 556 [212 P.2d 505]; *Stein* v. *Hubbard* (1972) 25 Cal.App.3d 603, 605 [102 Cal.Rptr. 303]), subject to modification as to amounts not yet accrued on a satisfactory showing of changed circumstances. (*Kress* v. *Kress* (1963) 219 Cal.App.2d 173, 174 [33 Cal.Rptr. 77].) Thus, we must decide whether section 4504 was intended to authorize a credit against a noncustodial parent's support obligation for Social Security benefits received by the child on account of that parent's death.

In matters of statutory construction our fundamental concern is legislative intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) In order to determine intent, we begin with the language of the statute itself. (*Ibid.*) If the language is clear, there is no need to resort to other indicia of intent; there is no need for construction. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ■ However, "[l]iteral construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.]" (*Ibid.*)

■ The language of section 4504 is unambiguous. It expressly applies to payments made by the federal government pursuant to the Social Security Act or the Railroad Retirement Act "because of the retirement or disability of the noncustodial parent." There is no mention of death. It is a familiar rule of statutory interpretation that where a statute enumerates those things to which it is applicable it is to be read as excluding all things not expressly mentioned. (*Henderson* v. *Mann Theatres Corp.* (1976) 65 Cal.App.3d 397, 403 [135 Cal.Rptr. 266]; *People* v. *Mancha* (1974) 39 Cal.App.3d 703, 713 [114 Cal.Rptr. 392].)

Interpreted literally, section 4504 relieves a noncustodial parent of a support obligation pro tanto when the parent retires or becomes disabled, but because death is not included in the statute, the obligation revives upon the parent's death. This is not anomalous. Section 4504 mitigates the support obligation of *living*, noncustodial parents who by reason of disability or retirement are in reduced financial circumstances. Although death does not extinguish the support obligation, it does transport the noncustodial parent into another realm beyond the mitigating munificence of mortal legislators. Viewed in that light, it is clear the legislative intent was to relieve the burden on those who not only need relief but could benefit by it.

The trial court erred in concluding that Social Security death benefits satisfy the estate's support obligation. This is not to say the executor is without remedy. The executor moved to modify the support obligation. As reasons for modification the supporting papers cite husband's death, wife's remarriage, and the minor's receipt of Social Security benefits. The trial court did not rule on the executor's motion to modify. Instead the court ruled that the Social Security benefits satisfied the estate's support obligation. Although this ruling was error, the trial court can nevertheless consider such benefits in ruling on the executor's motion to modify the support obligation. Any modification would, of course, apply prospectively from the time of the initial request. (See Fam. Code, § 3651, subd. (c).)

The judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. Wife will receive her costs on appeal.

Sparks, J., and Raye, J., concurred.