[No. C020606. Third Dist. Oct. 23, 1996.]

SHARON BOUTTE, Plaintiff and Respondent, v.
KENNARD NEARS, Defendant and Appellant.

**COUNSEL**

Kennard Nears, in pro. per., for Defendant and Appellant.

Sharon Boutte, in pro. per., for Plaintiff and Respondent.

**OPINION**

**RAYE, J.**—Defendant Kennard Nears appeals from an order of the trial court directing him to pay plaintiff Sharon Boutte's attorney fees in the sum of $500 as "supplemental child support." We will reverse because the trial court's order exceeded its statutory authority under the Family Law Act.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a paternity action filed in July 1993 by Boutte against Nears regarding the minor child Kennard J. Nears, born in October 1992. Nears stipulated to paternity, but the record shows the parties fought continuously over child support and visitation.

On September 1, 1994, (further unspecified calendar references are to that year) Nears, in propria persona, filed a motion for modification of the visitation order. Boutte, also in propria persona, responded by filing a countermotion to set child support according to the guideline formula. On September 23, Boutte substituted Richard A. Eldridge as her attorney of record. On Boutte's behalf, Eldridge filed a responsive declaration to Nears's motion, contesting the requested change in visitation and asking the court to award Boutte attorney fees.

A hearing on both motions was held on October 4. The minute order contains the court's handwritten computations applying the child support guideline formula,[1] and sets child support at $508 per month. The handwritten notation "no change of visitation orders" also appears and a box is checked on the preprinted form captioned "Attorney's Fees," directing Nears to pay the sum of $500 at the rate of $50 per month.

Eldridge prepared a formal "Order After Hearing of October 4, 1994" and sent it to Nears.[2] Paragraph 8 states: "ATTORNEY'S FEES and COSTS: Respondent shall pay directly to Petitioner's attorney, attorney's fees in the sum of $500 commencing November 1, 1994[,] payable at the rate of $50 per month . . . ."

Nears and Eldridge disagreed over the form of the written order in various respects (not about paragraph 8), prompting Eldridge to file an ex parte application asking the court to sign the proposed written order and seeking other relief. The court refused to handle the matter ex parte and a hearing was held on December 14, at which both sides appeared.

At the hearing it came to light that Nears had filed a chapter 7 bankruptcy petition sometime in October and had named Eldridge as a creditor. Eldridge then asked the court to "clarify" whether the attorney fees were meant as "supplemental child support." The court inquired as to whether the petition

[1] A "Dissomaster" computer printout signed by the trial judge was attached to and made part of the order showing the court's findings for support calculations.
[2] Nears has attached a copy of the proposed order to a motion to augment the record filed in conjunction with his opening brief. We grant the motion, which is unopposed.

in bankruptcy was filed before October 22, when new revisions to the bankruptcy code came into effect. Upon ascertaining that it was, the court stated that the attorney fees award was meant as supplemental child support. The court thereafter signed two written orders. The first, filed on January 12, 1995, states: "[Nears] shall pay directly to Petitioner's attorney, attorney fees, *as a supplemental form of child support*, in the sum of $500 commencing November 1, 1994 . . . ." (Italics added.) The second, filed on February 2, 1995, states, in pertinent part: "The Court clarifies its October 4, 1994[,] order in that the attorney's fees were ordered as supplemental child support based on the fact that the issue before the Court was child support modification."

DISCUSSION

I

Nears raises three arguments for reversal of the court's "supplemental child support" order: (1) the order, which was intended to convert a debt dischargeable in bankruptcy (attorney fees) into a nondischargeable debt (child support), was an impermissible attempt by a state court to circumvent federal bankruptcy law (see *In re Marriage of Williams* (1984) 157 Cal.App.3d 1215, 1221-1224 [203 Cal.Rptr. 909]); (2) the trial court had no authority under the Family Law Act to order attorney fees paid to a third party as supplemental or additional child support; and (3) the court could not convert its prior order awarding attorney fees into an order awarding supplemental child support because the change affected Nears's substantive rights for which there was no motion pending or opportunity for him to present opposition.

Each of these arguments merits serious consideration; however, we find the second one to be indisputably correct and therefore do not reach the others.

II

In a child support modification proceeding, can the court award, as "supplemental child support," attorney fees to be paid directly to the attorney for the supported parent? Not under the Family Law Act.

Child support is governed by the formula in the Statewide Uniform Guidelines For Child Support beginning with Family Code section 4050 (all further unspecified statutory references are to this code). The algebraic formula, which is set forth in section 4055, is "presumptively correct in all

cases," (§ 4053, subd. (k)), and the court may not depart from the guideline formula without a finding of "special circumstances." (§ 4053; *In re Marriage of Carter* (1994) 26 Cal.App.4th 1024, 1026 [33 Cal.Rptr.2d 1].) Such special circumstances, which must be specified "in writing or on the record," are set forth in section 4057, subdivision (b).

The court's $500 award of "supplemental child support" was neither computed according to the guideline formula nor accompanied by a finding of "special circumstances." On the contrary, it was an obvious recharacterization, as an afterthought, of an attorney fees award. Since it did not comply with the statutory requirements for child support orders, it was erroneous as a matter of law. (*In re Marriage of Carter, supra,* 26 Cal.App.4th at p. 1029.)

The remaining question is whether, as Boutte contends, the court could order Nears to pay Boutte's attorney fees as "additional child support" under section 4062. Section 4062 specifies two types of additional child support: mandatory ("the court shall order") additional child support for employment-related child care costs and reasonable uninsured health care costs (subd. (a)) and discretionary ("the court may order") additional child support for the educational or special needs of a child or for travel expenses for visitation. (See *In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1039 [31 Cal.Rptr.2d 749].)

Section 4062's provisions for additional child support are exclusive. The court has no discretion to fashion its own "add-ons" in the absence of statutory authority. (See *In re Marriage of Gigliotti* (1995) 33 Cal.App.4th 518, 527-530 [39 Cal.Rptr.2d 367].)

Attorney fees are nowhere mentioned in section 4062 as additional support, whether discretionary or mandatory. Had the Legislature intended attorney fees to be a form of additional child support, it could have easily included them in section 4062. Instead attorney fees are governed by an entirely different statute, section 3652, which empowers the court, in a modification proceeding such as this one, to award attorney fees to "the prevailing party."[3] This appears to have been the intent of the trial court before it learned of Nears's bankruptcy at the December hearing. Its subsequent written order, converting a common attorney fees award into "additional child support," has no foundation in the Family Code and in fact contravenes it, both in letter and spirit.

---

[3]Section 3652 provides: "Except as against a governmental agency, an order modifying or terminating a child support order may include an award of attorney's fees and costs to the prevailing party." We note that in dissolution proceedings an award of attorney fees may also be premised on the relative incomes and needs of the parties. (§ 2030.) An award based on financial need has been considered in the nature of support and thus nondischargeable. (*In re Kline* (8th Cir. 1995) 65 F.3d 749.) However, the award in the present paternity proceeding under section 3652 stands on no such footing.

Because the court had no authority to award $500 to Boutte's attorney as "additional child support," the order must be reversed. We further conclude there is no question, on the record below, that the $500 sum was intended as an attorney fee award to Boutte as prevailing party in the support modification proceeding. We therefore see no need for remand, but shall modify the order accordingly.

### DISPOSITION

Those portions of the court's orders of January 12 and February 2, 1995, recharacterizing the $500 attorney fee award as supplemental child support are reversed. Both orders are modified to reflect that the $500 sum payable to Boutte's attorney is awarded as attorney fees pursuant to Family Code section 3652. Appellant shall recover costs.

Sparks, Acting P. J., and Sims, J., concurred.

On November 12, 1996, the opinion was modified to read as printed above.