[No. C027048. Third Dist. June 25, 1998.]

In re the Marriage of MARIA ELENA and JOHN SCOTT ROBINSON III.
MARIA ELENA ROBINSON, Respondent, v.
JOHN SCOTT ROBINSON III, Appellant.

**COUNSEL**

Legal Services of Northern California, Jennifer Horne and Gary F. Smith for Appellant.

McGregor W. Scott, District Attorney, and Lawrence R. Allen, Deputy District Attorney, for Respondent.

**OPINION**

**RAYE, Acting P. J.**—Appellant John Scott Robinson III, appeals from a judgment entered after the trial court granted Shasta County's motion to establish child support arrears.[1] Appellant contends the trial court erred in finding his arrearages could not be reduced by his son's receipt of Social Security disability child's insurance benefits. He also contends the motion to establish arrears is an impermissible effort to retroactively modify support. We shall affirm the judgment.

FACTS

We recite only those facts material to resolution of the issues on appeal. In April 1984 appellant was ordered to pay $150 per month in child support for his minor son, Micah. Appellant missed payments, and arrearages accumulated. In January 1994 the order was modified to reduce appellant's support obligation to $100 per month, plus $75 per month toward payment of arrearages.

In 1993 appellant was found to be disabled, and Micah began receiving "child's insurance benefits" from the Social Security Administration in January 1994. (42 U.S.C. § 402(d).) These monthly payments were larger than the monthly amount of child support appellant was obligated to pay. Pursuant to Family Code section 4504, the county credited each Social Security payment against the child support payment due that month, but the difference was not credited to support arrearages.

In July 1995 the county filed a declaration in support of its request for a writ of execution, averring that appellant then owed $5,863.52 in arrearages, exclusive of interest. The clerk of the court issued the writ, and appellant's bank account was levied to satisfy those arrearages. In July 1996 the county filed the subject motion to establish arrears, alleging arrears were then owed in the amount of $4,084.56, including interest, for the period of April 1984 to October 1995. The court granted the motion, finding Family Code section 4504 to be dispositive.

---

[1]The Shasta County District Attorney's Office appears in this action on behalf of custodial parent Maria Robinson pursuant to Welfare and Institutions Code section 11475.1.

DISCUSSION

I.

██ Appellant contends the benefits paid to Micah by Social Security, to the extent they exceed appellant's monthly support obligation, should be credited against his support arrearages. Family Code section 4504 provides: "If the court has ordered a noncustodial parent to pay for the support of a child, payments for the support of the child made by the federal government pursuant to the Social Security Act or Railroad Retirement Act because of the retirement or disability of the noncustodial parent and transmitted to the custodial parent or other child support obligee each month *shall be credited toward the amount ordered by the court to be paid for that month* by the noncustodial parent for support of the child unless the payments made by the federal government were taken into consideration by the court in determining the amount of support to be paid. If a lump-sum payment which represents payments for more than one month is transmitted to the custodial parent or other child support obligee, credit shall be given for each month for which the lump-sum payment was made." (Italics added.)

In *In re Marriage of Bertrand* (1995) 33 Cal.App.4th 437 [39 Cal.Rptr.2d 151] this court found Family Code section 4504 did not permit Social Security death benefits to be credited against the ongoing support obligation owed by the obligor parent's estate. (33 Cal.App.4th at p. 441.) We found the statute unambiguous in applying only to payments made because of retirement or disability; death benefits were not recognized in the statute as a source of credit against support. (*Ibid.*) ██ In so holding, we reiterated that where statutory language is clear, there is no need to resort to other indicia of intent. (*Ibid.*) Moreover, "[i]t is a familiar rule of statutory interpretation that where a statute enumerates those things to which it is applicable it is to be read as excluding all things not expressly mentioned. [Citations.]" (*Ibid.*)

██ We find Family Code section 4504 to be unambiguous in its directive that Social Security payments be credited against the amount "to be paid for that month." It does not authorize payments to be credited to amounts due in prior months, nor to accrued interest on those arrearages. Since the right to any credit exists only by virtue of statutory authorization, it is limited to the extent set forth in section 4504. (See, e.g., *Boutte* v. *Nears* (1996) 50 Cal.App.4th 162, 166 [57 Cal.Rptr.2d 655] [court lacks discretion to create "add-on" provisions for child support absent statutory authority].)

Appellant argues such an interpretation conflicts with the statutory scheme set forth in Code of Civil Procedure section 695.221, whereby "[s]atisfaction of a money judgment for support" is required to be credited first against the current month's obligation, with any excess applied next to accrued interest, and then to accrued principal arrearages. He cites *In re Marriage of Denney* (1981) 115 Cal.App.3d 543 [171 Cal.Rptr. 440] and *County of Napa v. Combs* (1990) 222 Cal.App.3d 1077 [272 Cal.Rptr. 282] for the proposition that a child's Social Security insurance benefits are paid for the purpose of support. From this he reasons that the entire Social Security benefit amount should be treated as a "child support payment" and, by extension, a payment in satisfaction of a judgment for support. However, neither case he cites is on point. *County of Napa v. Combs*, *supra*, 222 Cal.App.3d 1077 involved survivor benefits, not child's disability insurance benefits, and neither *Combs* nor *Denney* involved the question whether the obligor parent was entitled to credit for arrearages. (*In re Marriage of Denney*, *supra*, 115 Cal.App.3d at p. 553; see *In re Marriage of Bertrand*, *supra*, 33 Cal.App.4th at p. 440 [cases not authority for propositions not considered].)

Moreover, neither *Combs* nor *Denney* was informed by the United States Supreme Court's characterization of child's insurance benefits in *Sullivan v. Stroop* (1990) 496 U.S. 478, 485 [110 S.Ct. 2499, 2504, 110 L.Ed.2d 438, 446].) In considering whether a child's Social Security insurance benefits were "child support" within the meaning of federal welfare statutes, the Supreme Court declared that although such payments are "support" in the generic sense, they are not child support payments from absent parents but are " 'insurance' benefits and are paid out of the public treasury to all applicants meeting the statutory criteria." (*Ibid.*) Micah's insurance benefits are an entitlement paid because he presumably met the statutory criteria, not because appellant was subject to a judgment for support. (See 42 U.S.C. § 402(d); see also *Sullivan v. Stroop*, *supra*, 496 U.S. at p. 485 [110 S.Ct. at p. 2504, 110 L.Ed.2d at p. 446].) Whether appellant was current or delinquent in payment of his support obligation, the benefits due to Micah from Social Security were unaffected. (See 42 U.S.C. § 402(d).) We conclude Social Security child's insurance benefits are not payments received in "[s]atisfaction of a money judgment for support," so the provisions of Code of Civil Procedure section 695.221 do not apply.

Unlike appellant, we perceive no injustice or illogic in permitting a child's Social Security benefits to offset current support obligations, but not arrearages. Appellant seeks to have Micah's current resources reduced to make up for appellant's prior default. Requiring appellant to pay arrears merely restores Micah to the financial position he would have been in had appellant

paid the requisite amount of support prior to becoming disabled. While changed circumstances may warrant modification of future support obligations, neither arrearages nor accrued interest may be discharged retroactively. (See Fam. Code, § 3651, subd. (c); see generally, Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1997) ch. 6, ¶ 6:508, rev. 1, 1998; Hogoboom & King, Cal. Practice Guide: Family Law 3, *supra*, ch. 17, ¶¶ 17:77-17:77.1, rev. 1, 1998 and citations therein.) As noted in *In re Marriage of Comer* (1996) 14 Cal.4th 504 [59 Cal.Rptr.2d 155, 927 P.2d 265], "[a]s the noncustodial parent who has not fulfilled his child support obligations, father 'has had the use of the money in the past, but his child['s] needs are in the present and surely exceed the amount of the current order for support.' [Citation]." (*Id.* at p. 518.) The trial court was correct in concluding appellant is not entitled to a credit against his child support arrearages based on Micah's receipt of Social Security insurance benefits.

## II.

■ Husband alleges the motion to establish arrears is an impermissible effort to retroactively modify support, reasoning that the 1995 writ of execution was a judgment previously establishing the amount of support owed. He is wrong. "An action to determine arrearages and enforce a . . . support order by writ of execution is not an independent proceeding; rather, it rests upon an existing order rendered in a family law action." (*In re Marriage of Williams* (1985) 163 Cal.App.3d 753, 759 [209 Cal.Rptr. 827].) Family Code section 5100 makes clear that a writ is not itself a judicial determination of rights, by providing that "a child or family support order may be enforced by a writ of execution . . . without prior court approval as long as the support order remains enforceable."

Whatever the procedural context, a consideration whether a parent has satisfied or otherwise discharged a support obligation "does not violate the prohibition against retroactive modification of the support award." (*In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072, 1075 [261 Cal.Rptr. 36]; see *In re Marriage of Sandy* (1980) 113 Cal.App.3d 724, 727-728 [169 Cal.Rptr. 747] [where court exercised discretion in determining amount subject to enforcement by writ of execution, order confirming different amount of child support than originally specified not retroactive modification].)

The 1995 writ of execution was not a separate judgment. We therefore reject appellant's unsupported contention the motion to establish arrears was in fact a motion to vacate a judgment or decree (Code Civ. Proc., § 663), and that it was untimely under Code of Civil Procedure section 663a.

## DISPOSITION

The judgment is affirmed.

Morrison, J., and Callahan, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 30, 1998.