Filed 4/16/13 Marriage of White CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of MARIE and CARNELL LASEAN WHITE, JR. | |
| MARIE GUTIERREZ, | E055892 |
| Appellant, | (Super.Ct.No. IND082266) |
| v. | **OPINION** |
| CARNELL LASEAN WHITE, JR., | |
| Respondent. | |

APPEAL from the Superior Court of Riverside County. Michael J. Naughton, Judge (retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Gregory J. Olson, Temporary Judge (pursuant to Cal. Const., art. VI, § 21).* Reversed.

Marie Gutierrez, in pro. per., for Appellant.

No Appearance for Respondent.

_____

* Judge Naughton made the contested child support orders. Judge Olson denied the motion to set aside the contested orders.

1

Appellant Marie Gutierrez, formerly known as Marie White, appeals from trial court orders granting the noncustodial parent, respondent Carnell Lasean White, Jr., a credit against child support for three children in the amount of Social Security disability payments for a disabled child. She also appeals the trial court's denial of her motion to set aside the child support order. The orders are appealable under Family Code section 3554[1] and Code of Civil Procedure section 904.1, subdivision (a)(10).

I

FACTS AND PROCEDURAL HISTORY

Marie Gutierrez and Carnell White have three minor children. The youngest, C.K., receives Social Security disability benefits of $630.74 per month; the payments are due to his chronic, severe asthma.[2]

On July 21, 2011, White filed an order to show cause seeking changes in child custody and guideline child support. Guideline child support was requested.[3] The matter was heard on October, 27, 2011, after mediation.

After hearing testimony, the trial court ordered payment of $702 in child support for the three children. It found the amount to be presumptively correct under section

---

[1] Unless otherwise indicated, all further statutory references are to the Family Code.

[2] For some unexplained reason, C.K. is entitled to benefits of $820 a month, but $190 in child support is subtracted from this amount because the $190 is considered to be income to C.K. The trial court advised Gutierrez to consult the Social Security Administration about that issue.

[3] White stated he supports two children from other relationships at a cost of $300 per month.

4057. The court then said: "[W]ith respect to father's child support obligation, the Court orders he be given credit for any [S]ocial [S]ecurity payment made during any month he pays for child support for any of the children during any given month."

On October 27, 2011, the trial court confirmed the result—that White pay $71.66 in child support for the three children. Gutierrez sought reconsideration of this portion of the court's decision. She argued it was a mistake to consider C.K.'s Social Security payment as a derivative benefit, and even assuming it was a derivative benefit, it was error to offset the Social Security payment against the entire support order instead of offsetting it against C.K.'s share of the support order. The trial court denied the request, finding that no new evidence had been presented.

## II

## ISSUE

The sole issue in this case is whether the Social Security disability benefits payable to C.K. can be credited against the noncustodial parent's child support obligation. The trial court held that such payments could be deducted from child support payable for all three children. The mother contends the trial court erred because the payments are for C.K. because of his disability.

## III

## STANDARD OF REVIEW

"We review orders granting or denying a request for modification of a child support order for abuse of discretion. [Citations.]" . . . [¶] . . . [¶] 'However, "'questions relating to the interpretation of statutes are matters of law for the reviewing

3

court.  [Citation.]'"  [Citation.]  Thus, when a trial court's ruling turns on the interpretation of a statute, the issue is one of law, subject to the independent review of the court.  [Citation.]'  [Citation.]" (*Plumas County Child Support Services v. Rodriquez* (2008) 161 Cal.App.4th 1021, 1026-1027.)

IV

DISCUSSION

The basis for the trial court's order is not stated in the record or its minute order. Gutierrez frames the issue as a misapplication of section 4504, subdivision (b).

If the trial court relied on section 4504, subdivision (b), Gutierrez is correct.  That section provides:  "If the court has ordered a noncustodial parent to pay for the support of a child, payments for the support of the child made by the federal government pursuant to the Social Security Act . . . *because of the . . . disability of the noncustodial parent* and received by the custodial parent or other child support obligee shall be credited toward the amount ordered by the court to be paid by the noncustodial parent for support of the child unless the payments made by the federal government were taken into consideration by the court in determining the amount of support to be paid.  Any payments shall be credited in the order set forth in Section 695.221 of the Code of Civil Procedure."  (Italics added.)

In this case, there is no evidence that White, the noncustodial parent, is disabled. No child support credit is therefore authorized under section 4504, subdivision (b).

Gutierrez relies on *In re Marriage of Robinson* (1998) 65 Cal.App.4th 93.  In that case, the noncustodial parent *became disabled*, and the court found section 4504 was

4

applicable. (*Robinson*, at p. 95.) However, the noncustodial parent was not entitled to a credit for arrearages. (*Id.* at p. 98.)

Gutierrez cites the general discussion of child Social Security benefits in *Robinson*, which quoted the Supreme Court in *Sullivan v. Stroop* (1990) 496 U.S. 478 485. The *Robinson* court said: "In considering whether a child's Social Security insurance benefits were 'child support' within the meaning of federal welfare statutes, the Supreme Court declared that although such payments are 'support' in the generic sense, they are not child support payments from absent parents but are '"insurance" benefits and are paid out of the public treasury to all applicants meeting the statutory criteria.' [Citation.] [The minor child's] insurance benefits are an entitlement paid because he presumably met the statutory criteria, not because appellant was subject to a judgment for support. [Citations.] Whether appellant was current or delinquent in payment of his support obligation, the benefits due to [the minor child] from Social Security were unaffected. [Citation.] We conclude Social Security child's insurance benefits are not payments received in '[s]atisfaction of a money judgment for support,' so the provisions of Code of Civil Procedure section 695.221 do not apply." (*In re Marriage of Robinson*, *supra*, 65 Cal.App.4th at p. 97.)

In the trial court, Gutierrez submitted an excerpt from the CSDA Child Support Attorney Sourcebook 2011: "Credit Against Support Obligation: Any sums received by the custodial parent or other child support obligee *on account of the obligor's disability* must be credited toward the obligor's support obligation. . . . [¶] *Note that this is NOT the same as funds received based upon the child's disability. Those funds are the child's*

5

*separate estate and are not relevant to the determination of support and, therefore, are not to be credited to the obligor's account*." (Italics added.) We find this is a correct statement of the law.**4**

Other authorities agree. Hogoboom, *California Practice Guide, Family Law*, states: "Monthly child support payments *received* by the custodial parent (or other child support obligee from the federal government under the Social Security Act (SSA) . . . because of the *noncustodial parent's* retirement or disability must be *credited* toward the noncustodial parent's monthly child support obligation *unless the court took those payments into account* in setting the amount of child support to be paid." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2012) ¶ 6:417, pp. 172-173.)

In addition, Hogoboom states: "Supplemental Security Income (SSI) benefits derive from a need-based program under which eligibility is tied to a person's status as aged, blind or disabled and income below certain statutory amounts. As such, SSI benefits paid to a parent are *within* the . . . § 4058[, subdivision] (c) exclusion for income from 'any public assistance program, eligibility for which is based on a determination of need.'" (Hogoboom & King, Cal. Practice Guide: Family Law, *supra*, ¶ 6:208a, p. 98.) The treatise cites *Elsenheimer v. Elsenheimer* (2004) 124 Cal.App.4th 1532. That case fully supports the quoted principle. *Elsenheimer* held that section 4058, subdivision (c), the more specific section, prevails over section 4058, subdivision (a), the more general section. (*Elsenheimer*, at p. 1540.)

---

**4** Since respondent White did not brief this appeal, we do not have the benefit of his argument.

We think it apparent the trial court was under the misapprehension that the obligor, White, was the person who was disabled and receiving Social Security benefits. Since there is no such evidence in the record, section 4504 is inapplicable. The trial court did not cite any other section is support of its decision allowing a credit and we therefore find that it should not have allowed the credit.

V

DISPOSITION

The trial court's orders of October 27, 2011, and November 28, 2011, are reversed. Appellant is awarded her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

7